Oaruthers, J.,
delivered the opinion of the court.
This is an action of covenant, founded on an apprentice bond, dated 3rd December, 1838, between Wallis Estill, then chairman of the county court of Franklin, and the defendant, on the binding of said J. E. Thomas, then eleven years old. The term of service has elapsed, and this suit is brought by the plaintiff, as successor of said Estill, to enforce the covenant in favor of the apprentice.
The bond is set out in the declaration, and by it, we see that the covenants of defendant are larger, more in favor of the apprentice, than the statute on this subject prescribed. To the declaration there is a demurrer, which was sustained by the court, and the suit dismissed ; from which judgment there is an appeal to this court.
The following objections to the bond are presented in argument, as the grounds upon which the demurrer, was sustained; and we are called upon to determine whether there is error in the judgment below. The objections are all grounded upon the position, that as the suit is brought by the present chairman, as successor of Estill, to whom it was taken in his official capacity, it cannot be sustained, unless it is a statutory bond; that is, taken in strict conformity, to the provisions of the statute on that subject. This is certainly a correct legal proposition. For, if not taken in compliance with the statute, it might be good as a voluntary, or common law bond, *329 but would have to be sued upon, as such, by Estill, or his personal representatives, and not by his successor in office, as the law was settled in the case of Hibbitts vs. Canady, 10 Yer., 465, and other cases.
The first objection here taken, is, that this bond requires more to be done by the master, than the act of 1762, ch. 5, § 19, Car. & Nicli., 98, requires. This act only provides expressly, that the master shall provide “diet, clothes, lodging and accomodations, fit and necessary, and teach, or cause to be taught, him or her, to read and write;” and, “at the expiration of the apprenticeship, shall pay the apprentice the like allowance, as is, by law, appointed for servants, by indenture, or custom.” Now, what is appointed for servants by indenture or custom? ■ We are not informed by the act. When we turn to the act of 1741, ch. 24, we find, that it is founded on a relation and state of society, which is now scarcely, if at all, known in our community, and its provisions generally obsolete.
But we do not understand the act of 1762, as limiting the county court as to the extent of their provisions in the indenture, they are required to take in the 20th section, to the items prescribed in the previous section. Davis vs. Bratton, 10 Humph., 180; 2 Dev. & Battle, 476.
The minimum, but not the maximum, is set forth. It would be absurd to give it any other construction, in the absence of an express prohibition upon the county court. If the apprentice is only ten years old, shall he serve Ms master eleven years, and receive no more than if he was nineteen at the time of binding, when he will have but two years to serve? Can the Legislature be presumed to have thought it necessary to have prohibited the county court from making the best *330 terms it could, for a poor, unprotected orphan child? Or, did they consider it important to save and protect the master from voluntarily agreeing to give too much? No such absurdity can be supposed. Ve hold it therefore, to be clear, that the Legislature intended, and that it is the duty of the county court, in acting for infants and orphans, under this act, to make the best bargain they can for the benefit of the apprentice. The master is competent to contract, and will take care of himself. There is, then, nothing in the objection.
Secondly: It is objected, that this bond is taken by Wallis Estill, and so signed, and not to him, as chairman, and his successors, as the 20th section of the act requires. Nor does it appear that the same was acknowledged in open court, as the law requires. His official character is twice stated in the bond, though not affixed to his signature. This is sufficient. It is not necessary when the character in which a party contracts, is set forth in the body of an instrument, that it should again appear with his signature at the bottom.
Nor do we deem it necessary to the validity and statutory character of the bond, that it should be taken to the chairman and his successors. To be sure, the statute so provides. But this opinion, does not invalidate It. It is a bond taken to the office, and not the officer, in legal contemplation. Every incumbent of the office would have a right to enforce it, because it is taken to the officer, and not to the person. It is true, if it were taken to a different officer or functionary, than the one prescribed by the statute, it would not be a statutory, but yet, a good voluntary common law bond. The only difference would be in the name in which the suit should be brought; not in the validity of the *331 bond, or tbe right to recover upon it. A suit can only be in tbe name of tbe successor when tbe bond is taken to tbe officer designated in tbe act of asembly, under which it is taken. This is tbe doctrine laid down in Hibbitts vs. Canady, 10 Yerg., 467. There tbe bond of an administrator was taken to “James Hibbitts, chairman, &c.,” when tbe law, at that time, required it to be tbe Governor. If then, in this case, tbe bond bad been to any other functionary than tbe chairman of tbe county court, it would have destroyed its statutory character, and. no suit, for that reason, could have been maintained in tbe name of tbe plaintiff, who sues as tbe successor of tbe obligee. Tbe suit, in that case, would have to be in tbe name of Estill; or, if dead, bis personal representative, as upon tbe common law bond. Jones vs. Wiley, 4 Humph., 146.
But, though this is tbe proper officer, yet, tbe word “ successors,” is omitted. It is necessarily understood, and tbe law will supply it; or, whether supplied or not, makes no difference, as each succeeding chairman, by force and virtue of bis appointment, is vested by law, with all tbe rights, duties and powers of bis predecessor; consequently, all bonds, payable to bis predecessor, as such officer, for tbe use of others, or tbe public benefit, are to be regarded as payable to him; from which principle a right to sue necessarily results.
Tbe only remaining objection is, that it does not appear that said bond was recorded, &c., as required by tbe statute. Ye cannot look into that question, upon demurrer; such defect, if it be one, cannot be taken advantage of in this mode.
We take it, upon tbe question before us, that every thing required by tbe statute, has been done by tbe court *332 to which the business was intrusted, unless the contrary appears on the face of that part of their proceeding, judicially brought to our notice.
The defendant, after having received the services of the orphan boy, for eleven years, and is now endeavoring to deprive him of the small compensation secured in the covenant, upen technicalities, does not, to say the least of it, deserve any thing more than strict law. "We certainly do not feel called upon to strain the law for his benefit. We, therefore, reverse the judgment of the court below, sustaining the demurrer; overrule the same, and remand the cause for further proceedings, on the covenant declared upon, as a statutory bond. .